IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, NW, Room 3358<br>Washington, DC 20240<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>　　　　Defendants. | Civil Action No.: 18-cv-01706 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.　In this action, the Center for Biological Diversity ("Center") challenges the failure and refusal of Defendants, U.S. Department of Agriculture ("USDA"), U.S. Fish and Wildlife Service ("the Service"), and U.S. Environmental Protection Agency ("EPA"), to provide records to the Center in response to requests for records submitted on December 6, 2017 for which there are no applicable exemptions, in violation of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA").

2.　The Center's FOIA requests seek records connected with the Service's and EPA's agreement to indefinitely delay the completion of consultations on the effects of registration of

pesticides containing chlorpyrifos, diazinon, or malathion on protected species and their habitats, as required by the Endangered Species Act, 16 U.S.C. §§ 1531-1544. The delay in the required consultations and Defendants' delay in providing records in response to the FOIA requests at issue, are placing imperiled species at risk.

3.  The Center seeks declaratory relief establishing that the federal Defendants have violated FOIA. The Center also seeks injunctive relief ordering Defendants to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.  Declaratory relief is appropriate under 28 U.S.C. § 2201.

7.  Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

8.  Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including from exposure to toxic chemicals. The Center has more than 63,000 members. The Center and its members are harmed by Defendants' violations of FOIA because such violations preclude the Center from gaining a full understanding of the harmful environmental and human health effects of pesticides containing chlorpyrifos, diazinon,

and malathion as well as an understanding of the regulatory approach to decisions to register pesticides in light of federal agency duties under the Endangered Species Act, 16 U.S.C. §§ 1531-1544.  Defendants' failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest.  Absent this information, the Center cannot advance its mission to protect native species and their habitat.

9. Defendant U.S. DEPARTMENT OF AGRICULTURE ("USDA") is a U.S. federal executive department made up of 29 agencies and offices.  USDA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

10. Defendant U.S. FISH AND WILDLIFE SERVICE is an agency of the U.S. government within the Department of the Interior.  The Fish and Wildlife Service is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

11. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("EPA") is an independent agency of the U.S. government.  EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

12. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies.  5 U.S.C. § 552.

13. FOIA places the burden on the agency to show that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

14.     Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

15.     In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

16.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

17.     FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18.     In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

19. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

### Background to the FOIA Requests

20. Pesticides are poisons designed to kill insects, plants, mammals and other organisms considered to be pests. Pesticides may also harm humans and harm or kill other living beings (referred to as "non-target organisms").

21. Generally, a pesticide product may not be sold or used in the United States unless EPA registers it for a particular use or uses pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). 7 U.S.C. § 136a(a).

22. EPA's pesticide product registration actions trigger EPA's duty to comply with Section 7 of the Endangered Species Act. 16 U.S.C. § 1536(a)(2); *Ctr. for Biological Diversity v. EPA*, 847 F.3d 1075, 1091-93 (9th Cir. 2017).

23. Under Section 7(a)(2) of the Endangered Species Act, each federal agency has a substantive duty to "insure" that any action it authorizes "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification" of critical habitat. 16 U.S.C. § 1536(a)(2).

24. Section 7(a)(2) imposes a separate, procedural duty to consult with the expert wildlife agencies, either the U.S. Fish and Wildlife Service or the National Marine Fisheries Service (collectively "Services").

25. EPA must review its actions "at the earliest possible time" and if the action "may affect" any listed species or critical habitat, it must engage in consultation with the Services. 50 C.F.R. § 402.13-402.14.

26. Typically, EPA provides its Endangered Species Act "effects determination" in a Biological Evaluation.

27. In practice, EPA rarely makes Endangered Species Act effects determinations or initiates consultation prior to authorizing pesticide registration actions, unless it has been ordered by a court to do so. For more than a decade, there have been numerous lawsuits, settlements, and court orders to get the agencies to comply with the Endangered Species Act concerning the effects of pesticides on protected species such as the San Joaquin kit fox, the Bay checkerspot butterfly, the California red-legged frog, and Pacific salmon and steelhead.

28. In 2014, EPA and the Services represented to Congress that EPA intended to address its Endangered Species Act obligations for pesticide registrations "by conducting nationwide scale effects determinations" and that it worked with litigants "to align lawsuits so that the agencies could focus on national level consultations on all ESA-listed species rather than focus on single species, or a small subset of species in smaller geographical areas."

29. In 2014, the Center agreed to the agencies' requests to be able to satisfy their Endangered Species Act duties by completing consultation on the effects of the use of chlorpyrifos, diazinon, and malathion on all species nationwide rather than on a regional or species-by-species basis, as required by court orders.

30. In January 2017, EPA submitted Biological Evaluations to the Services, which concluded that the use of these three pesticides is likely to adversely affect 1,778 endangered or threatened species and likely to adversely affect the designated critical habitat of 780 species.

31.     The Services committed to make the draft Biological Opinions on these three pesticides available to the public in May 2017 and allow 60 days for public comment. The Services committed to complete final Biological Opinions by December 31, 2017.

32.     In April 2017, attorneys for pesticide producer Dow AgroSciences and others insisted that EPA withdraw the Biological Evaluations for chlorpyrifos, diazinon, and malathion and that the Services stop work on their Biological Opinions for these pesticides.

33.     EPA and the Services did not make the draft Biological Opinions available to the public for comment in May 2017, nor have they to date.

34.     In mid-November 2017, EPA and the Fish and Wildlife Service agreed with each other to indefinitely extend the consultation on the registration of pesticide products containing chlorpyrifos, malathion, and diazinon. The Fish and Wildlife Service did not complete the final Biological Opinion by December 31, 2017.

**Request to U.S. Department of Agriculture (2018-OCIO-01549-F)**

35.     On December 6, 2017, the Center submitted to the U.S. Department of Agriculture ("USDA") a FOIA request for all records, from April 1, 2017 to the date of search, generated in connection with the Service's request to EPA for additional information and time to complete Endangered Species Act consultation on the effects of reregistering chlorpyrifos, malathion, and diazinon. In that request the Center also solicited all records generated in connection with EPA's agreement to provide additional information and time to complete said consultations. Agency FOIA Tracking No. 2018-OCIO-01549-F.

36.     On December 21, 2017, USDA emailed the Center acknowledging receipt of the FOIA request. In its email USDA acknowledged its duty under 5 U.S.C. § 552(a)(6)(A)(i) to make a determination in response to the FOIA request within 20 business days from its date of

receipt.  USDA further indicated it would invoke a 10-business day extension for determination pursuant to 5 U.S.C. § 552(a)(6)(B).

37. USDA did not notify the Center of a determination that described the scope of the records it intends to produce or withhold and the reasons for withholding any records or inform the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

38. To date, USDA has not provided to the Center any records in response to its December 6, 2017 FOIA request.  USDA has not provided an estimated date by which the Service will complete the processing of the request.

39. USDA has no lawful basis under FOIA for its delay or to withhold or redact the records the Center requested in its December 6, 2017 FOIA request.

40. The Center has been required to expend resources to prosecute this action.

**Request to Fish and Wildlife Service (FWS-2018-00262)**

41. On December 6, 2017, the Center submitted to the Fish and Wildlife Service ("the Service") a FOIA request for all records, from April 1, 2017 to the date of search, generated in connection with the Service's request to EPA for additional information and time to complete Endangered Species Act consultation on the effects of reregistering chlorpyrifos, malathion, and diazinon.  On that same date the Center also requested all records generated in connection with EPA's agreement to provide additional information and time to complete said consultations.  Agency FOIA Tracking No. FWS-2018-00262.

42. On December 12, 2017 the Service sent formal acknowledgment of receipt of the FOIA request. The letter notes that the Service placed the Center's request into its "complex processing track," meaning that the request could be processed in 21 to 60 workdays.

43. On January 12, 2018 the Center sent a letter alerting the Service that pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the deadline of 20 business days had passed for the Service to issue a determination. The Center also requested that the Service immediately provide an estimated date by which the records could be produced, per 5 U.S.C. § 552(a)(7)(B).

44. On January 17, 2018 the Service emailed the Center stating that it was working to "determine the extent of the search needs." The Service indicated that it would provide information on the estimated completion date by January 26, 2018.

45. On February 6, 2018 the Service sent a letter stating that it was, as yet, unable to make a determination on the Center's FOIA request. The letter further indicated that the Service needed "time to collect and review responsive documents from various staff." The Service released two records to "partially respond" to the request. The Service proposed issuing a determination by March 2, 2018.

46. By May 21, 2018 the Center had yet to receive a determination or further responsive records. On that date the Center sent the Service a second letter notifying the Service that it had violated FOIA's determination deadline—as a total of 114 workdays had passed without a determination—and requesting a new estimated date of completion of a determination on the FOIA request.

47. On May 21, 2018 the Service sent the Center an email acknowledging receipt of the letter notifying the Service of the FOIA violation. The Service stated that it was actively reviewing records associated with the FOIA request and would send an incremental release on or

before June 8, 2018.  The email did not provide an estimated date for completion of a determination on the FOIA request.

48. On June 15, 2018 the Service emailed the Center stating it would release records the following week.

49. On June 18, 2018 the Service sent the Center a letter accompanying the release of 34 records as a partial response to the Center's FOIA request, which stated that the Service would release the next set of responsive records no later than July 13, 2018.  The Service estimated August 3, 2018 as the date of completion.  The Service acknowledged that it had yet to make a determination on the request.

50. To date, the Service has not released the next set of responsive records, missing the July 13, 2018 date by which it committed to provide the next set of responsive records.

51. The Service has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding, or that informs the Center that it may appeal any specific adverse determination within the relevant time period in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

52. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

53. The Service has no lawful basis under FOIA for its delay or to withhold or redact the records the Center requested in its December 6, 2017 FOIA request.

54. The Center has been required to expend resources to prosecute this action.

### Request to EPA (EPA-HQ-2018-002377)

55. On December 6, 2017, the Center submitted to EPA a FOIA request for all records, from April 1, 2017 to the date of search, generated in connection with the Service's

request to EPA for additional information and time to complete Endangered Species Act consultation on the effects of reregistering chlorpyrifos, malathion, and diazinon. On that same date the Center also requested all records generated in connection with EPA's agreement to provide additional information and time to complete said consultations. Agency FOIA Tracking No. EPA-HQ-2018-002377.

56. EPA has not provided to the Center any records responsive to its December 6, 2017 FOIA request (EPA-HQ-2018-002377).

57. On December 6, 2017 EPA sent an automatic acknowledgement of the receipt of the Center's FOIA request.

58. On January 5, 2018 Kimberly Smith, Team Leader at EPA's Public Information and Records Integrity Branch, wrote to the Center estimating the amount of time to complete processing the FOIA request to be five to six months. This was "[d]ue to the limited amount of resources and what could be a voluminous number of records." EPA's letter stated that EPA would contact the Center once EPA generated an estimated number of records that could be responsive to the FOIA request.

59. EPA has not provided the Center with any records in response to its December 6, 2017 FOIA request (EPA-HQ-2018-002377).

60. EPA has no lawful basis under FOIA for its delay or to withhold or redact the records the Center requested in its December 6, 2017 FOIA request.

61. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

**USDA Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request**

62. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

63. The Center properly requested records within the control of USDA through its December 6, 2017 FOIA request to the agency (2018-OCIO-01549-F).

64. The Center has a statutory right to a lawful final determination from USDA on its FOIA Request, number 2018-OCIO-01549-F, in a manner that complies with FOIA. USDA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

65. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

66. The Center's organizational activities will be adversely affected if USDA is allowed to continue violating FOIA's disclosure provisions.

67. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights to receive public records under FOIA.

68. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

## USDA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request

69. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

70. The Center has a statutory right to have USDA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). USDA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

71. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

72. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights to receive public records under FOIA.

73. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

## USDA Failed to Disclose All Records That Are Responsive to the Center's FOIA Request

74. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

75. The Center has a statutory right to the records it seeks, and there is no legal basis for USDA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to

withhold records from the Center. *See* 5 U.S. § 552(b)(1)-(9).  USDA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

76. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

77. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights to receive public records under FOIA.

78. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## **FOURTH CLAIM FOR RELIEF**

### **The Service Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request**

79. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

80. The Center properly requested records within the control of the Fish and Wildlife Service through its December 6, 2017 FOIA request to the agency (FWS-2018-00262).

81. The Center has a statutory right to a lawful final determination from the Service on its FOIA Request, number FWS-2018-00262, in a manner that complies with FOIA.  The Service has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

82. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

83. The Center's organizational activities will be adversely affected if the Service is allowed to continue violating FOIA's disclosure provisions.

84. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

85. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## FIFTH CLAIM FOR RELIEF

### The Service Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request

86. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

87. The Center has a statutory right to have the Service process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). The Service violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

88. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

89. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

COMPLAINT                                                                                          Center for Biological Diversity
15

90. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SIXTH CLAIM FOR RELIEF

**The Service Failed to Disclose All Records That Are Responsive to the Center's FOIA Request**

91. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

92. The Center has a statutory right to the records it seeks, and there is no legal basis for the Service to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold records from the Center. *See* 5 U.S. § 552(b)(1)-(9). The Service has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

93. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Service in the foreseeable future.

94. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Service will continue to violate the Center's rights to receive public records under FOIA.

95. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SEVENTH CLAIM FOR RELIEF

**EPA's Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request**

96. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

97. The Center properly requested records within the control of EPA through its December 6, 2017 FOIA request to the agency (EPA-HQ-2018-002377).

98. The Center has a statutory right to a lawful final determination from EPA on its FOIA Request, number EPA-HQ-2018-002377, in a manner that complies with FOIA. EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

99. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

100. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

101. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

102. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## EIGHTH CLAIM FOR RELIEF

## EPA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request

103. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

104. The Center has a statutory right to have EPA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

105. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

106. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

107. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## NINTH CLAIM FOR RELIEF

### EPA Failed to Disclose All Records That Are Responsive to the Center's FOIA Request

108. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

109. The Center has a statutory right to the records it seeks, and there is no legal basis for EPA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold records from the Center.  *See* 5 U.S. § 552(b)(1)-(9).  EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

110. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

111. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

112. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that each Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's December 6, 2017 FOIA requests;

(2) Order each Defendant to search for any and all responsive records to Plaintiffs' December 6, 2017 FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

(3) Order each Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4) Enjoin each Defendant from continuing to withhold any and all non-exempt responsive records;

(5) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records are improperly withheld;

(6) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court may deem just and proper.

DATED: July 20, 2018                      Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret E. Townsend (D.C. Bar No. OR0008)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorney for Plaintiff*